**MERCK & CO., INC., Appellant,**

v.

**Donna KANTNER, Individually And On Behalf Of All Others Similarly Situated, Appellee.**

No. 49A04–0712–CV–706.

Court of Appeals of Indiana.

April 2, 2008.

## ORDER

BAKER, Chief Judge.

On December 19, 2007, Appellant, Merck & Co., Inc., ("Merck") filed a Motion For Acceptance of Interlocutory Appeal, which this Court denied on January 22, 2008. On February 21, 2008, Merck tendered Merck & Co., Inc.'s Petition For Rehearing, which was not filed by the Clerk of this Court because the Indiana Appellate Rules do not expressly provide for rehearing the denial of a discretionary interlocutory appeal. Instead, the Petition, stamped as "Received," was transmitted to this Court for review.

Indiana Appellate Rule 54 expressly lists those rulings from which rehearing is appropriately sought. Indiana Appellate Rule 54(A) states: "A party may seek Rehearing from the following: (1) a published opinion; (2) a not-for-publication memorandum decision; (3) an order dismissing an appeal; and (4) an order declining to authorize the filing of a successive petition for post-conviction relief." The denial of a Petition For Acceptance Of Interlocutory Appeal under Indiana Appellate Rule 14(B) is not an opinion, published or otherwise, or an order declining to authorize the filing of a successive petition for post-conviction relief. Furthermore, the denial of a request to accept a discretionary interlocutory appeal is not a dismissal, rather it is a decision that does not allow an appeal to begin. Because it is not one of the rulings that Indiana Appellate Rule 54 allows to be reheard by this Court, a Petition For Rehearing cannot be taken from the denial of a request to accept a discretionary interlocutory appeal under Indiana Appellate Rule 14(B).

Having reviewed the matter, the Court FINDS AND ORDERS AS FOLLOWS:

1. The Clerk of this Court is DIRECTED to return unfiled Merck's Petition for Rehearing of this Court's denial of its Petition For Acceptance of Interlocutory Appeal.

2. Appellant Merck is DIRECTED to take note of the appropriate caption of this matter, as indicated on this Order, and to file any future pleadings with the appropriate caption.

MAY, ROBB, JJ., concur.

HOFFMAN, SR. J., dissents with opinion.

HOFFMAN, SR. J., dissenting.

I respectfully dissent. Indiana Trial Rule 14(B) "clearly states that the only prerequisite for this Court to accept a discretionary interlocutory appeal is certification of the order by the trial court." *Bridgestone Americas Holding, Inc. v. Mayberry*, 854 N.E.2d 355, 359 (Ind.Ct. App.2006), *vacated on another issue but summarily affirmed on this issue in Bridgestone Americas Holding, Inc. v. Mayberry*, 878 N.E.2d 189, 191 n. 2 (Ind. 2007).[1] As in the case before us, the first motions panel in *Bridgestone* denied the appellant's motion to accept jurisdiction of the appeal. After Bridgestone filed a petition for rehearing, the second motions panel reconsidered and accepted jurisdiction. We held that in doing so, the second motions panel "exercised its inherent authority to reconsider the ruling of the first motions panel." *Id.*

Indiana Appellate Rule 54(A) permits a petition for rehearing from "an order dismissing an appeal." App.R. 54(A)(3). In *Bridgestone* we noted, "[T]he first motion panel's refusal to accept jurisdiction of Bridgestone's discretionary interlocutory appeal is the functional equivalent of an order dismissing an appeal. That is, our refusal to accept jurisdiction has the same practical effect on litigants as an order dismissing an appeal." *Id.* We then held that "the second motions panel was not precluded from reconsidering and accepting jurisdiction of Bridgestone's interlocutory appeal." *Id.*

As our supreme court noted, the reasoning set forth in *Bridgestone* is persuasive. I believe that we have jurisdiction to reconsider a motions panel's decision.

---

1. The Court stated, "Appellees contended on appeal that when the Court of Appeals first denied Bridgestone's interlocutory appeal, jurisdiction automatically returned to the trial court. Consequently, appellees argue, the Court of Appeals had no authority to later grant the appeal. We summarily affirm the Court of Appeals' treatment of this issue." (Citations omitted).